# Exhibit A

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| JOYCE M. CONYERS )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>JOEL WESTPHAL )<br>)<br>*Defendant.* )<br>) | Civil No. 2016 CA 004858 B<br><br>Judge Jennifer A. Di Toro<br><br>Date: September 6, 2016 |

## AMENDED COMPLAINT

COMES NOW the Plaintiff Joyce M. Conyers ("Ms. Conyers"), by her attorney Stephanie Rapp-Tully, and files this complaint against Joel Westphal for the cause of actions stated as follows:

### PARTIES

1. Plaintiff is the Command Records Manager/ Deputy Archives Head at the Records Manager for the Naval History and Heritage Command ("NHHC"). Her direct supervisor is Chief of Staff, Eddy Ha.

2. On May 1, 2016, Defendant was hired by the U.S. Department of the Navy as the Director, Navy Archives. His direct supervisor is Sharon Baker, Deputy Assistant to the Division Chief of the Histories.

3. Both employees work at the Navy Yard, which is located in Washington, D.C.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to D.C. Code § 11-921, and it has personal jurisdiction over Defendant pursuant to D.C. Code § 13-

423(a)(1), (a)(5). Venue is proper in this Court because the assault occurred in the District of Columbia and both Plaintiff and Defendant work in the District of Columbia.

## NATURE OF THE ACTION

5. This action alleges Defendant assaulted Plaintiff[1].

6. Defendant's office is approximately 500 feet away from Plaintiff's office.

7. On June 29, 2016, Defendant sent an email that Plaintiff deemed to be threatening which stated: "Ms. Conyers, You broke the chain [of command] when you gave a direction to a member of me staff. Please cease and desist and use the chain. Ms. Thomas does not report to you."

8. Plaintiff felt threatened by the email and responded, "Please do not email again, this is threatening and unprofessional. You may email my supervisor. Your emails are derogatory and commanding."

9. Immediately after Plaintiff sent her email to Defendant, Defendant left his office and proceeded on a path to cause him to have to pass Plaintiff's office. It was not the most direct path to exit the office.

10. Defendant then stopped in Plaintiff's doorway and began to address Plaintiff in a threatening and menacing manner with the specific intent to cause Plaintiff to fear him and his threats intention of a complaint against her.

11. Defendant appeared extremely angry and agitated and he was positioned in Plaintiff's office doorway in a manner which blocked her ability to leave her office.

12. Plaintiff's office is not very large and there is no other exit but the door.

---

[1] Plaintiff never intended to file a complaint for battery and formally withdrew that claim on August 26, 2016 in open court.

13. Defendant angrily stated and pointed his finger at Plaintiff that she better not communicate again with his employees and that he was going to file a complaint. He was in a rage and the gritting of his teeth and tightening of jaw confirmed this to Plaintiff.

14. The manner in which Defendant blocked the exit made Plaintiff fear for her safety.

15. Plaintiff was frightened and asked Defendant to leave her office.

16. Defendant left Plaintiff's office after threatening her.

17. Plaintiff went to the Security Officer outside the main entrance of the building.

18. Plaintiff met Officer H. Khan and informed him of what had happened that that she felt unsafe and scared that Defendant might try to harm her.

19. As Plaintiff and Officer Khan were standing at the Security desk, Defendant came bursting through the double doors, charging towards Plaintiff. He appeared extremely angry and Plaintiff again reasonably feared that he intended to cause her harm.

20. Defendant, seeing Plaintiff standing with Officer Khan, proceeded to exit and went outside.

21. Plaintiff feared that Defendant might be going to his car to return with a weapon.

22. Officer Khan called in a report and the Navy Yard police began a search for Defendant.

23. Shortly thereafter, Officer Ramirez arrived and asking Plaintiff to take him to her office and show him where Defendant assaulted Plaintiff.

24. While in her office, Plaintiff's supervisor, CDR Ha, called and asked what was going on. Plaintiff started to respond, but Officer Ramirez interjected and asked where Defendant was. CDR Ha responded that Defendant was there in his office.

25. At this point, Plaintiff was feeling physically ill. She was having dizzy spells and had developed a migraine headache. Her entire body was shaking.

26. When Officer Ramirez saw Plaintiff's condition, he drove her to the police station a couple blocks away so Plaintiff could provide a statement.

27. Another officer present at the statement asked Plaintiff is she needed medical attention.

28. The Emergency Medical team checked on Plaintiff and confirmed that Plaintiff's blood pressure was extremely high.

29. As a result, Plaintiff was transported by ambulance to George Washington University Hospital.

30. Plaintiff was released from the hospital four hours later, after her blood pressure stabilized with instructions to follow up the next day with her primary care provider.

31. On June 30, 2016, the next day, Plaintiff saw her primary care provider who instructed Plaintiff to be on bedrest for eight (8) days.

32. Plaintiff did not return to work for almost three weeks for fear of running in Defendant.

33. Once Plaintiff returned to work, she hid in her office and locked her door at all times.

34. Any time Plaintiff needed to leave her office, she called someone outside her office to see if Defendant was out there. She would also peak out her office door first to check the hallway for Defendant.

## CAUSE OF ACTION

### Count I – Assault

35. Plaintiff incorporates by reference the allegations contained in paragraphs 1 – 34 above.

36. Defendant committed an assault against Plaintiff by intentionally and unlawfully attempted or threatened, either by words or by acts, to do physical harm to the victim.

37. Defendant intended on going to Plaintiff's office and threatening her with filing a complaint against her.

38. Defendant intended to point his finger at her and stand in Plaintiff's doorway, blocking her exit.

39. Defendant intended to walk in an angrily fashion past Plaintiff to exit the building.

40. Plaintiff was put in fear of a harmful contact based on Defendant's actions and/or words.

## **PRAYER FOR RELIEF**

WHEREFORE, Ms. Conyers respectfully requests that this Court enter judgment awarding her (a) pain and suffering in an amount to be determined by the Court; (b) litigations costs; and (c) all other relief the Court may deem just and proper.

Dated: September 6, 2016

                                                       Respectfully submitted,

*[signature]*

Stephanie Rapp-Tully, Esq.
Associate
D.C. Bar No.: 1016900
TULLY RINCKEY, PLLC
Attorneys & Counselors at Law
815 Connecticut Ave, Suite 720
Washington, D.C. 20006
Phone: (202) 787-1900
Fax: (202) 640-2059
SRappTully@fedattorney.com
*Attorney for the Plaintiff*